1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  BERTHA KELLY and                    No.  CIV.S-04-1873 WBS DAD PS
    ANNETTE MCKEE,
12
              Plaintiffs,
13
        v.                              FINDINGS AND RECOMMENDATIONS
14
    RICHARD C. MITCHELL,
15
              Defendant.
16  _____/

17          This matter came before the court on April 22, 2005, for a

18  Status (Pretrial Scheduling) Conference.  Plaintiffs, proceeding pro

19  se, appeared on their own behalf.  Attorney Margaret Kemp-Williams

20  appeared specially on behalf of defendant Richard C. Mitchell,[1] who

21  is a resident of New York, solely for the purpose of advising the

22  _____

23          [1]  No named defendant is discernible from the face of
    plaintiffs' difficult to decipher complaint, which is captioned as a
24  "United State[s] Attorney General Notice of Constitutional Challenge
    24-133."  However, the captions of the "Memorandum of Law," "Notice
25  of Motion of Constitutional Challenge," and "Notice of Constitutional
    Challenge" filed along with the complaint when plaintiffs initiated
26  this action indicate that Mr. Mitchell is the only named defendant.

                                  1

1  court of Mr. Mitchell's position that service of process has yet to

2  be completed.

3          Following the initial status conference on February 18,

4  2005, at which time plaintiffs failed to appear,[2] the court issued an

5  order continuing the status conference to April 22, 2005, at 11:00

6  a.m.  That order provided plaintiffs thirty (30) additional days to

7  complete service of process upon defendant Mitchell, even though

8  plaintiffs had filed their complaint well over one hundred twenty

9  (120) days prior.  See Fed. R. Civ. P. 4.  The order forewarned

10 plaintiffs that failure to effectuate service of process and file

11 proof of such service with the court within the required time likely

12 would result in a recommendation of dismissal.  See id.

13         On March 7, 2005, plaintiffs filed a "proof of service"

14 indicating that they served "a copy of Constitutional Challenge 24-

15 133 Federal Criminal Proceeding P 17.1" upon defendant Mitchell "by

16 placing said copy [in the] certified return receipt registered mail."

17 Normally, this manner of service would appear to be proper under

18 Federal Rule of Civil Procedure 4(e)(1), which allows service upon an

19 individual "pursuant to the law of the state in which the district

20 court is located," and California Code of Civil Procedure § 415.40,

21 which allows service "on a person outside this state ... by sending a

22 copy of the summons and of the complaint to the person to be served

23 by first-class mail, postage prepaid, requiring a return receipt."

24

25         [2] At the initial status conference, Jim Labor, who identified
   himself as a friend of plaintiffs' family, appeared to observe the
26 status conference and was permitted to speak.

However, if service on a nonresident is made pursuant to California Code of Civil Procedure § 415.40, the "proof of service shall include evidence satisfactory to the court establishing <u>actual delivery</u> to the person to be served, by a signed return receipt or other evidence[.]"  Cal. Code Civ. Proc. § 417.20(a)(emphasis added). Plaintiffs have provided no such evidence of actual delivery.  <u>See</u> <u>Bolkiah v. Superior Court (Bijan Fragrances, Inc.)</u>, 74 Cal. App. 4th 984, 1001, 88 Cal. Rptr. 2d 540, 551 (1999)("Proof of service by mail on out-of-state defendants must nevertheless strictly comply with the requirements of Code of Civil Procedure section 417.20, subdivision (a).").  Therefore, service is void even though defendant may have actual notice of the action.  <u>See</u> 3 Witkin, California Procedure (4th Ed. 1996) Actions § 933 (citing cases).

Moreover, plaintiffs' proof of service does not indicate that defendant Mitchell was served with a summons along with the complaint as required.[3]  Of course, the rules require that "[a] summons shall be served together with a copy of the complaint."  Fed. R. Civ. P. 4(c)(1).  Indeed, neither the court's docket nor the court's file indicate that a summons was ever issued in this case. It is plaintiffs' responsibility to have a summons issued.  Fed. R. Civ. P. 4(b)("Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal.").
/////

---

[3]  Approximately 120 pages of various documents are attached to plaintiffs' proof of service.  However, none of those documents indicate that defendant was served with a summons.

3

1   There being no indication that defendant Mitchell has been
2   served with a copy of the summons and complaint as required, the
3   undersigned finds that plaintiffs have failed to complete service of
4   process.  Dismissal of plaintiffs' complaint is therefore
5   appropriate.

6       Additionally, while the precise nature of plaintiffs'
7   claims are unclear, the allegations of the complaint and plaintiffs'
8   comments at the status conference strongly suggest that plaintiffs
9   may be attempting to challenge a New York state court child custody
10  order.  If that is the case, there would almost certainly be no basis
11  for federal jurisdiction.  See Ankenbrandt v. Richards, 504 U.S. 689,
12  703 (1992) (holding that domestic relations exception to federal
13  jurisdiction "divests the federal courts of power to issue divorce,
14  alimony, and child custody decrees"); D.C. Court of Appeals v.
15  Feldman, 460 U.S. 462, 482-86 & n.16 (1983) (holding that district
16  courts do not have jurisdiction to review state court decisions or
17  claims "inextricably intertwined" with the merits of the state court
18  determination).

19      Accordingly, IT IS HEREBY RECOMMENDED that this action be
20  dismissed without prejudice for failure to compete service or process
21  in a timely fashion.

22      These findings and recommendations are submitted to the
23  United States District Judge assigned to the case pursuant to the
24  provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after
25  being served with these findings and recommendations, any party may
26  file written objections with the court and serve a copy on all

4

parties.   Such a document should be captioned "Objections to Findings

and Recommendations."   The parties are advised that failure to file

objections within the specified time may waive the right to appeal

the District Court's order.   <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

Cir. 1991).

DATED: April 28, 2005.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
DAD1\orders.prose\kellymckee.f&r.dism