IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERTHA KELLY and
ANNETTE MCKEE,

      Plaintiffs,                   Case No. 2:04-cv-1873 WBS DAD PS

    vs.

RICHARD C. MITCHELL,          FINDINGS AND RECOMMENDATIONS

      Defendants.
_____/

        On September 9, 2004, the two plaintiffs in the above-captioned case filed a pro se complaint and submitted a check for payment of the required filing fee. Although the bank upon which it was written rejected the check, plaintiffs eventually paid the filing fee. Despite having been granted an extension of time to serve process on the named defendant, plaintiffs failed to effect such service. Accordingly, on April 29, 2005, the undersigned recommended that this action be dismissed without prejudice due to plaintiffs' failure to complete service in a timely fashion. On May 31, 2005, those findings and recommendations were adopted in full by the assigned district judge, the action was dismissed without prejudice, and judgment was entered. Plaintiff McKee pursued an appeal from the judgment. On January 8, 2007, the Ninth Circuit Court of Appeals affirmed the judgment, and on April 6, 2007, that court denied plaintiff McKee's petition for panel rehearing.

1          Now before this court is an untitled document in which plaintiff McKee filed with
2  the court on January 19, 2011, requesting that this case be re-opened almost six years after it was
3  closed and four years after the judgment was affirmed on appeal.  On September 29, 2011,  the
4  assigned district judge referred plaintiff's post-judgment request to the undersigned for further
5  proceedings.
6          In her filing plaintiff cites no authority for reopening this case and sets forth no
7  discernible legal ground for vacating the judgment entered by this court in 2005.  If plaintiff's
8  filing is construed as a motion for relief from judgment pursuant to Federal Rule of Civil
9  Procedure 60(b), the motion must be denied.  First, as to those grounds for relief that must be
10 raised no more than a year after entry of judgment – mistake, inadvertence, surprise, excusable
11 neglect, newly discovered evidence, and fraud – plaintiff's motion was not filed within a year
12 after judgment was entered on May 31, 2005.  See Fed. R. Civ. P. 60(b)(1), (2), & 3.  As to
13 grounds for relief that must be raised within a reasonable time after judgment was entered – the
14 judgment is void; the judgment has been satisfied, released, or discharged; and "any other reason
15 that justifies relief" – plaintiff has not alleged facts that support any of those grounds for relief.
16 Moreover, six years after entry of judgment is not a reasonable time within which to raise such
17 grounds.  See Fed. R. Civ. P. 60(b)(4), (5), & (6).
18         The plaintiff bears the burden of proof on a motion for relief from judgment
19 pursuant to Rule 60(b), and such motions are addressed to the sound discretion of the district
20 court.  See Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Thompson v. Housing Auth. of
21 Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986); Savarese v. Edrick Transfer & Storage, 513 F.2d
22 140, 146 (9th Cir. 1975).  In the complete absence of any showing that plaintiff is entitled to
23 relief from the judgment entered on May 31, 2005, the court should exercise its discretion to
24 deny plaintiff's request to reopen the case.
25         Accordingly, IT IS RECOMMENDED that plaintiff's January 19, 2011 motion to
26 reopen this case (Doc. No. 47) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 30, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\kellymckee1873.f&r. mot. reopen